﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191113-44276
DATE: May 29, 2020

ORDER

New and relevant evidence has not been received to readjudicate the claim of service connection for a cervical strain with myelopathy, and the claim remains denied.

New and relevant evidence has not been received to readjudicate the claim of service connection for radiculopathy of the left upper extremity, and the claim remains denied.

New and relevant evidence has not been received to readjudicate the claim of service connection for radiculopathy of the right upper extremity, and the claim remains denied.

New and relevant evidence has not been received to readjudicate the claim of service connection for a residual cervical scar of the neck, and the claim remains denied.

FINDINGS OF FACT

1. In a May 2016 rating decision, the Board severed service connection for a cervical spine, bilateral upper extremity radiculopathy, and scar disabilities. This decision is final.

2. New and relevant evidence has not been received since the prior final denial of the claim of entitlement to service connection for a cervical strain with myelopathy; readjudication of the claim is not warranted.

3. New and relevant evidence has not been received since the prior final denial of the claim of service connection for radiculopathy of the left upper extremity; readjudication of the claim is not warranted.

4. New and relevant evidence has not been received since the prior final denial of the claim of service connection for radiculopathy of the right upper extremity; readjudication of the claim is not warranted.

5. New and relevant evidence has not been received since the prior final denial of the claim of service connection for a residual cervical scar of the neck; readjudication of the claim is not warranted.

CONCLUSIONS OF LAW

1. New and relevant evidence has not been received to warrant readjudication of a claim of entitlement to service connection for a cervical strain with myelopathy. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(d) (2019).

2. New and relevant evidence has not been received to warrant readjudication of a claim of entitlement to service connection for radiculopathy of the left upper extremity. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(d) (2019).

3. New and relevant evidence has not been received to warrant readjudication of a claim of entitlement to service connection for radiculopathy of the right upper extremity. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(d) (2019).

4. New and relevant evidence has not been received to warrant readjudication of a claim of entitlement to service connection for a residual cervical scar. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(d) (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1977 to March 1977.

The Board notes that the rating decision on appeal was issued in October 2018. In November 2019, following the issuance of a statement of the case in the legacy system, the Veteran elected to pursue his appeal in the Appeals Modernization Act (AMA) modernized review system. 38 C.F.R. § 19.2(d). The Veteran requested direct review under the AMA of the evidence considered by the RO.

New and Relevant Evidence

The new and relevant evidence issues regarding a cervical strain with myelopathy, bilateral upper extremity radiculopathy, and residual cervical scar have been recharacterized to reflect the applicable evidentiary standard. 38 C.F.R. §§ 3.2501(a)(1), 19.2.

Generally, a claim that has been denied in an unappealed Board or rating decision may not thereafter be reopened and allowed. 38 C.F.R. §§ 20.1100, 20.1103. The exception to this rule is 38 U.S.C. § 5108, which provides that if new and relevant evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. Id. at 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)). The Board notes that its task is to first decide whether new relevant evidence has been received, as opposed to whether or not the evidence actually substantiates the Veteran’s claim.

1. Whether new and relevant evidence has been received to warrant readjudication of the claim os service connection for a cervical strain with myelopathy

2. Whether new and relevant evidence has been received to warrant readjudication of the claim os service connection for radiculopathy of the left upper extremity

3. Whether new and relevant evidence has been received to warrant readjudication of the claim os service connection for radiculopathy of the right upper extremity

4. Whether new and relevant evidence has been received to warrant readjudication of the claim os service connection for a residual cervical scar of the neck

The Veteran was granted service connection for the above claims in two separate August 2015 rating decisions. Thereafter, in a January 2016 rating decision, the AOJ proposed severance of service connection on the basis of clear and unmistakable error. The Veteran was notified four days later via a notification letter of the rating decision findings, the proposed severances, and instructions in the event of disagreement with the decision. Without any further communication from the Veteran in the interim, a May 2016 rating decision severed service connection for the Veteran’s cervical spine disability, bilateral upper extremity radiculopathy, and residual scar of the neck.

The Veteran was notified of the decision via a June 2016 letter. Thereafter, in October 2016, the Veteran submitted new evidence, including a September 2016 letter with associated medical records from Dr. T.V., recommending a cervical fusion and decompression surgery for recurrent stenosis and myelopathy. However, neither this letter nor associated medical records contain evidence relating to nexus or in-service incurrence of any of the claimed disabilities. Furthermore, no notice of disagreement was received within the one-year period following the May 2016 rating decision. As the Veteran did not perfect an appeal, the May 2016 decision became final. 38 U.S.C. § 7105(b); 38 C.F.R. §§ 3.104, 20.302, 20.1103. 

The May 2016 rating decision confirmed the severance of the Veteran’s claims on the basis that there was no evidence of an injury which occurred during a recognized service period, and no line of duty determination establishing an injury in service. Furthermore, it was noted that the Veteran suffered additional injuries following service, and that the current disabilities have been determined by a medical professional to be unrelated to service. At the time of the May 2016 rating decision, the evidence of record included the Veteran’s service treatment records reflecting a cervical injury in 1986; personnel records; VA and private treatment records showing current disabilities; lay statements reflecting continuous neck and bilateral upper extremity radiculopathy symptoms since service; a July 2015 VA examination of the cervical spine with radiculopathy, containing a positive nexus opinion; and an October 2015 VA addendum opinion, indicating that the Veteran should not have been service connected for a cervical spine disability or associated issues – reasoning that the Veteran’s 1986 injury was acute, that the Veteran denied any spine, joint or musculoskeletal issues at a 1988 examination, and that there are multiple records reflecting a post-service 2012 assault, which is instead the likely cause of his current disabilities. 

After the May 2016 rating decision became final, in August 2018, the Veteran filed a petition to reopen the claims for service connection for a cervical spine disorder, bilateral upper extremity radiculopathy, and a scar.

New evidence received since the May 2016 decision pertinently includes additional VA treatment records; a July 2016 statement requesting an untimely predetermination hearing; a September 2016 letter from Dr. T.V. recommending an additional surgery for his cervical spine disability; an August 2018 letter from the Veteran describing his in-service injury; and a March 2018 witness statement recounting an encounter with the Veteran in service during which the Veteran complained of his neck injury and had seen a medic. Also added to the record since the May 2016 rating decision are reports of VA examination conducted in September 2018, which confirm the relevant diagnoses but do not offer any opinion as to the etiology of any disability.

Though these additional medical records contain a description of the Veteran’s injury in service, there is no line of duty determination placing the incurrence of the injury within an active duty period, nor is there any competent medical evidence of nexus linking the Veteran’s disabilities to service. The new evidence, like the old evidence, merely confirms the Veteran’s description of the in-service incident and his current diagnoses. 

Based on a review of the record, the Board finds that even though the additional evidence is new, it does not tend to prove or disprove the claims. Put simply, the evidence does not address the question of in-service incurrence or nexus between the Veteran’s time in service and his current cervical spine disability, right or left upper extremity radiculopathy, or scar. It is merely repetitive of what was already known prior to the final rating decisions. Since the evidence does not meet the definition of relevant evidence, it does not satisfy the very low threshold for reopening a claim. 

As new and relevant evidence has not been received, the petition to readjudicate the claims for service connection is denied.

 

 

Caroline Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G.C., Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.